UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTE LAUER,<br><br>    Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, A North Carolina LLC, dba LOWE'S HOME CENTERS, LLC, STORE 1207, et al.,<br><br>    Defendants. | No. 2:18-cv-0247 KJM DB<br><br>ORDER |

    This action came before the court on August 31, 2018, for hearing of defendant's motion for a protective order. (ECF No. 12.) Attorney Steven Campora appeared on behalf of the plaintiff. Attorney Diana Rivera appeared on behalf of the defendant.

    "As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quoting Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002)); see also San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").

    Pursuant to Rule 26 of the Federal Rules of Civil Procedure, however, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); see also In re Ohio Execution Protocol Litigation, 845 F.3d 231, 236 (6th Cir. 2016) ("Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order."). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)).

As explained at the August 31, 2018 hearing, defendant has failed to meet its burden by failing to show that specific prejudice or harm will result if the court does not enter the blanket protective order sought by the defendant. Although defendant has cited many cases in which courts have entered a blanket protective order, those cases concern stipulations for blanket protective orders. "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where . . . the parties stipulate to such an order." In re Roman Catholic, 661 F.3d at 424. This is not to say that defendant could not establish good cause for a protective order, particularly with respect to specific items of discovery. Accordingly, defendant's motion will be denied without prejudice to renewal.[1]

Upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that defendant's June 22, 2018 motion for a protective order (ECF No. 12) is denied without prejudice to renewal.

Dated: August 31, 2018

DLB:6
DB\orders\orders.civil\ lauer0247.oah.083118

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are encouraged to continue to attempt to resolve this dispute through stipulation. They are better situated to know the needs of this case and both sides may be unhappy with the terms provided in a protective order entered by the court.